United States District Court
Southern District of Texas
**ENTERED**
October 19, 2021
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION**

| | | |
|---|---|---|
| **ROHN M. WEATHERLY,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 6:20-CV-00040** |
| | § | |
| **BRIAN COLLIER; TIMOTHY C. JONES;** | § | |
| **J.C. GONZALES; VALERIE MACIEL;** | § | |
| **and COREY FURR,** | § | |
| | § | |
| **Defendants.** | § | |

## ORDER ACCEPTING MEMORANDUM AND RECOMMENDATION

Pending before the Court is the February 4, 2021 Memorandum and Recommendation ("M&R") signed by Magistrate Judge Julie K. Hampton. (Dkt. No. 22). Plaintiff Rohn M. Weatherly, a prisoner proceeding *in forma pauperis* and *pro se*, brings this action under 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act (RLUIPA). Weatherly asserts that prison officials are unduly burdening the free exercise of his religious beliefs by ordering that his hair be maintained at a certain length. In the M&R, Magistrate Judge Hampton recommends that the Court grant in part and deny in part the Defendants' Motion to Dismiss.[1] (Dkt. No. 16). Specifically, Magistrate Judge Hampton recommends that the Court dismiss Weatherly's (1) claims for money damages against the Defendants in their official capacities as barred by the Eleventh Amendment; (2) claims for injunctive relief against Defendants Jones, Gonzales,

---

[1] "The Defendants" collectively refers to Brian Collier, Timothy C. Jones, J.C. Gonzales, Valerie Maciel, and Corey Furr in both their individual and official capacities.

Maciel, and Furr for lack of Article III standing; (3) RLUIPA claim against the Defendants in their individual capacities for failure to state a claim; and (4) First Amendment and equal protection claims against the Defendants in their official and individual capacities for failure to state a claim and because the Defendants are entitled to qualified immunity. Magistrate Judge Hampton finally recommends that Weatherly's RLUIPA claim for injunctive relief against Executive Director Brian Collier in his official capacity survive.

The Parties were provided proper notice and the opportunity to object to the M&R. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). No party has objected. As a result, review is straightforward: plain error.[2] *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005).

No plain error appears. Accordingly, the Court **ACCEPTS** the M&R as the Court's Memorandum Opinion and Order. The Court **GRANTS IN PART** and **DENIES IN PART** the Defendants' Motion to Dismiss. (Dkt. No. 16). Specifically, the Court (1) **DISMISSES WITHOUT PREJUDICE** Weatherly's claims for money damages against the Defendants in their official capacities; (2) **DISMISSES WITHOUT PREJUDICE** Weatherly's claims for injunctive relief against Defendants Jones, Gonzales, Maciel, and Furr; (3) **DISMISSES WITH PREJUDICE** Weatherly's RLUIPA claim against the Defendants in their individual capacities; and (4) **DISMISSES WITH PREJUDICE** Weatherly's First Amendment and equal protection claims against the

---

[2] By contrast, when a "district court undertakes an independent review of the record," the "review is de novo, despite any lack of objection." *Alexander v. Verizon Wireless Services, L.L.C.*, 875 F.3d 243, 248 (5th Cir. 2017).

Defendants in their individual and official capacities.[3]  Weatherly's RLUIPA claim for injunctive relief against Executive Director Brian Collier in his official capacity survives dismissal.

It is SO ORDERED.

Signed on October 18, 2021.

_____

**DREW B. TIPTON**
**UNITED STATES DISTRICT JUDGE**

---

[3]    The M&R recommends that the Court dismiss certain claims *with* prejudice as barred by the Eleventh Amendment and because there is not Article III standing.  Claims implicating the Eleventh Amendment are dismissed *without* prejudice because the Eleventh Amendment deprives a federal court of subject matter jurisdiction.  *See Planned Parenthood Gulf Coast, Inc. v. Phillips*, 5 F.4th 568, 577 (5th Cir. 2021) (observing that "the Eleventh Amendment generally deprives federal courts of jurisdiction" over certain suits); *United States v. Texas Tech Univ.*, 171 F.3d 279, 285 n.9 (5th Cir. 1999) ("While the Supreme Court has left this question open, [the Fifth Circuit] has repeatedly referred to the Eleventh Amendment's restriction in terms of subject matter jurisdiction.").  Similarly, lack of Article III standing deprives a federal court of subject matter jurisdiction.  *See Ortiz v. Am. Airlines, Inc.*, 5 F.4th 622, 627 (5th Cir. 2021) ("Standing is a component of subject matter jurisdiction.").  Claims that are dismissed for lack of subject matter jurisdiction are dismissed without prejudice.  *See Mitchell v. Bailey*, 982 F.3d 937, 944 (5th Cir. 2020).